Harrison J. Dossick (SBN 128319)
Email:  hdossick@reedsmith.com
Jonathan D. Gershon (SBN 306979)
Email: jgershon@reedsmith.com
Reed Smith LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone:  +1 310 734 5200
Facsimile:   +1 310 734 5299

Attorneys for Defendant
Volvo Car USA LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK SCHROEDER, an individual; and BRITNI SUMIDA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLVO GROUP NORTH AMERICA, LLC, a Delaware limited liability company; and VOLVO CAR USA LLC, a Delaware limited liability company,<br><br>Defendants. | No.: 2:20-cv-05127-VAP (PVC)<br><br>Hon. Virginia A. Phillips<br><br>**DEFENDANT VOLVO CAR USA LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; COUNTERCLAIM AGAINST JACK SCHROEDER AND BRITNI SUMIDA FOR:**<br><br>**(1) DIRECT TRADEMARK INFRINGEMENT;** |
| VOLVO CAR USA LLC, a Delaware limited liability company<br><br>Counter-Complainant,<br><br>vs.<br><br>JACK SCHROEDER, an individual; and BRITNI SUMIDA, an individual,<br><br>Counter-Defendants. | **(2) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br><br>**(3) VICARIOUS TRADEMARK INFRINGEMENT;**<br><br>**(4) DIRECT TRADEMARK DILUTION;**<br><br>**(5) CONTRIBUTORY TRADEMARK DILUTION; AND**<br><br>**(6) VICARIOUS TRADEMARK DILUTION**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Volvo Cars USA LLC ("Volvo") hereby responds to the Second Amended Complaint ("SAC") of Plaintiffs Jack Schroeder and Britni Sumida ("Plaintiffs") for itself and no other defendant as follows:

1.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 and, on that basis, Volvo denies all such allegations.

2.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 and, on that basis, Volvo denies all such allegations.

3.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 and, on that basis, Volvo denies all such allegations.

4.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 and, on that basis, Volvo denies all such allegations.

5.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 and, on that basis, Volvo denies all such allegations.

6.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 6 and, on that basis, Volvo denies all such allegations.

7.    Volvo denies that it engaged in the unauthorized commercial exploitation of any photographs taken by Schroeder.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence of Paragraph 7 and, on that basis, Volvo denies all such allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

8.    The first sentence of Paragraph 8 states legal conclusions to which no response is required.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 8 and, on that basis, Volvo denies all such allegations.

## JURISDICTION AND VENUE

9.    Volvo does not contest the Court's original subject matter jurisdiction over the first claim for copyright infringement pursuant to 28 U.S.C. Sections 1331 and 1338(a)-(b).  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence of Paragraph 8 and, on that basis, Volvo denies all such allegations.

10.    Volvo does not contest that it is subject to the personal jurisdiction of this Court, nor does Volvo dispute that venue is proper.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 and, on that basis, Volvo denies all such allegations.

## THE PARTIES

11.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 and, on that basis, Volvo denies all such allegations.

12.    Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 and, on that basis, Volvo denies all such allegations.

13.    Volvo admits that Plaintiffs dismissed Volvo Group North America, LLC from this action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

14.     Volvo admits that it is a Limited Liability Company organized under the laws of Delaware and headquartered in Rockleigh, New Jersey.  Volvo also admits that it manufactures and sells passenger vehicles in this district and elsewhere in the United States.  Volvo denies the remaining allegations set forth in paragraph 14.

## GENERAL ALLEGATIONS

15.     Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 and, on that basis, Volvo denies all such allegations.

16.     Volvo admits that the United States Copyright Office issued Copyright Registration Certificate number VA0002204816 on or about May 25, 2020.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 16 and, on that basis, Volvo denies all such allegations.

17.     Volvo admits that Sumida participated in the photo shoot referenced in Paragraph 17.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 17 and, on that basis, Volvo denies all such allegations.

18.     Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 and, on that basis, Volvo denies all such allegations.

19.     Volvo admits that an email dated May 3, 2019 from Schroeder states as follows, in full:

> Hello There! My name is Jack Schroeder & I'm a commercial photographer in Los Angeles.
>
> Recently the @VolvoCarsUSA has commented on a few of my images on IG asking for rights to post my images on both the Volvo website & on Instagram.  While this would be awesome

– 3 –

to have my work on the website, I cannot give my work out for free. I was wondering if I could sell the rights to the images to recoup from some of my cost from the day as I paid for everything out of my own pocket (car rental, model, assistant, retouch, all production costs).

Here's a link to some of the selects from the shoot since only some were seen on Instagram I culled down from 100 selects because we shot all day. There is some variety between both lifestyle & automotive shots.

https://www.jackschroedercreative.com/#/volvo-s60/

Please let me know if theres [sic] a deal we could work out for some rights to the images on the Volvo website. If not, please keep me in mind for future jobs as I would love to shoot for Volvo.

Best,
Jack.

Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19 and, on that basis, Volvo denies all such allegations.

20.     Volvo admits that on or about November 19, 2019, it shared the images depicted in Paragraph 20 of the SAC in an Instagram story with a "swipe up" feature that linked to a Volvo S60 webpage. Volvo denies the remaining allegations set forth in Paragraph 20.

21.     Volvo admits that it re-posted images of a white Volvo S60 on its Pinterest account that Schroeder and/or others had previously posted on public Instagram accounts and/or on public Behance.net accounts. Volvo admits that such photos re-posted to its Pinterest account included a link a Volvo S60 webpage. Volvo denies that any such photos "remain[ed] available to view" on Volvo's Pinterest account as of July 23, 2020, and avers that Volvo removed all such photos from its

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 4 —

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Pinterest account on or around November 23, 2019.  Volvo denies that viewers are

2   able to purchase an S60 from the S60 webpage linked to such photos.  Volvo denies

3   that it posted any such photos to its Pinterest page header.  Volvo denies that it

4   removed the Photos identified in Paragraph 21 of the SAC from its Instagram story

5   and avers that such photos automatically disappear 24 hours after the Instagram Story

6   was posted.  Volvo is without sufficient knowledge or information to form a belief as

7   to the truth or falsity of the remaining allegations set forth in Paragraph 21 and, on

8   that basis, Volvo denies all such allegations.

9       22.    Volvo is without sufficient knowledge or information to form a belief as

10   to the truth or falsity of the allegations set forth in Paragraph 22 and, on that basis,

11   Volvo denies all such allegations.

12       23.    Volvo admits that an email sent by Schroeder dated November 20, 2019,

13   states as follows, in full:

Hey there Amanda,

My name is Jack Schroeder and I'm an automotive advertising
photographer. I'm reaching out because yesterday on
Instagram the @VolvoCarsUSA page had posted images of
mine from a personal test shoot
<https://eur02.safelinks.protection.outlook.com/?url=https%3
A%2F%2Fwww.jackschroedercreative.com
%2F%23%2Fvolvo-s60-
1%2F&data=02%7C01%7Cerin.silver%40volvocars.com%7C
6e3f1a7a53a24568820508d76f52991f%7C81fa766ea3494867
8bf4ab35e250a08f%7C0%7C0%7C637100272899758904&sd
ata=Dt0o58jE951laU54w2zVWP%2FcVQNUYjuM4Q9br99P
GDk%3D&reserved=0> on their story as a social
advertisement campaign for the S60 with a swipe up feature to
the volvo website.  The Volvo IG page had reached out to me
twice about posting my photos to both their IG page and the
website, but I never gave consent (screen shots attached).
When I reached out to the Volvo marketing team back in May
about usage of the photos or purchasing them, they never got
back to me. Some of the new images that went up yesterday

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

can only be found on my Behance page
<https://eur02.safelinks.protection.outlook.com/?url=https%3
A%2F%2Fwww.behance.net%2Fgallery%2F88062123%2FVo
lvo-S60-
California&data=02%7C01%7Cerin.silver%40volvocars.com
%7C6e3f1a7a53a24568820508d76f52991f%7C81fa766ea349
48678bf4ab35e250a08f%7C0%7C0%7C63710027289975890
4&sdata=KgghJGmtYrX6b%2FCbnt%2FDYzCvrSQdSWwK
Bf3dovT75Rw%3D&reserved=0> so I'm curious where your
internal team pulled my photos from.

If the images used only had the car in the frame with
unrecognizable talent, I honestly would have been happy to
sign off limited rights with hopes of working with Volvo in the
future for a real campaign. But because the images posted by
@VolvoCarsUSA featured female talent that is currently in an
exclusivity contract with a specific automotive brand, her
modeling agency is not happy about the situation. As a test
shoot, this is acceptable for me to post, but for a brand to post
the images as an online social campaign, it puts her career in
jeopardy.

I would like to ask that the images with talent not be posted
moving forward, as that puts me in a bad spot with the female
talents modeling agency.  However, I truly would love to be
considered as a photographer for any future Volvo campaigns.
I am actually in the works right now of setting up another test
shoot for my book and was trying to rent a 2020 XC90 from
Turo for the shoot. As I usually pay out of pocket producing
these shoots, do you think there's any way I could get the keys
to a press car to make up for this situation?

Volvo is without sufficient knowledge or information to form a belief as to the truth or

falsity of the remaining allegations set forth in Paragraph 23 and, on that basis, Volvo

denies all such allegations.

24.    Volvo admits that the following emails dated November 22, 2019

(reproduced in full below), were exchanged with Schroeder:

– 6 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**Schroeder**:

Hey Erin,

I reached out to Amanda & never heard back about this situation. The Volvo IG gave me both of your emails when I messaged them. Please read my original email to her below. Could you forward this to the right person at Volvo for me? I don't want this swept under the rug.

**Volvo**:

Hi Jack,

Thanks for looping me in and letting us know. These will not be used moving forward.   We will also review the process with our tool that requests content usage permission.

Appreciate your flagging this and we love you're beautiful imagery but will be more cautious and have an open line of communication when interested in sharing in the future.

Have a lovely weekend.

Kind regards,
Erin

**Schroeder**:

Hey Erin,

Thanks for the quick reply. Is there any way in mind Volvo could make up for this situation? Compensation and access to a press fleet car for a test shoot? The model is really upset about this situation and I need to make up for it with her somehow. I spent thousands of dollars out of my own pocket to produce this shoot and Volvo did use the images for a social campaign with talent and no rights to the images. I really don't want to be taken advantage of here nor do I want to sour this relationship and get a lawyer involved because I would really love to shoot for Volvo moving forward.

1  Let me know what you have in mind.
2  Thanks,
3  Jack

   **Volvo**:

5      Jack, just to clarify there was no advertising campaign... we
6      reshared your instagrams in our stories while crediting you
       which is a customary UGC practice for Instagram and social
7      media in general. They are not live on our channels in
       perpetuity nor was any paid promotion applied to your content.
8
9      We think you do beautiful work and commend your
       photography skills. We of course don't want you to feel taken
10     advantage of so it won't happen again.
11
12     As your images were shared to Instagram stories they were live
       for 24 hours and are no longer live on our channels. Moving
13     forward, we will not share any of your content on our channels.
14     Have a nice weekend.
15     Erin

16  Volvo is without sufficient knowledge or information to form a belief as to the truth or

17  falsity of the remaining allegations set forth in Paragraph 24 and, on that basis, Volvo

18  denies all such allegations.

19      25.    Volvo denies the allegations set forth in Paragraph 25.

20      26.    Volvo admits that Plaintiffs' counsel sent Volvo a cease and desist letter

21  dated January 27, 2020, and avers that the response from Volvo's legal counsel, a

22  letter dated March 6, 2020, conspicuously is marked "**PRIVILEGED**

23  **SETTLEMENT COMMUNICATION FRE 408**" (emphasis and red font in

24  original) and thus constitutes a legally privileged settlement communication pursuant

25  to Federal Rules of Evidence Rule 408.  Despite Plaintiffs' improper reference thereto,

26  Volvo is unable to respond to the allegations concerning the substance of its March 6,

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 8 —

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2020, settlement communication and, on that basis, Volvo denies the remaining allegations set forth in Paragraph 26.

27.   Volvo admits that the parties continued to engage in legally privileged settlement communications through their legal counsel after March 6, 2020.  Volvo admits that its legal counsel sent a letter addressed to Andrew Schneider and Porch House, dated May 22, 2020, concerning their unauthorized use Volvo's trademarks and other violations of Volvo's rights under federal and state law.  Volvo denies the remaining allegations set forth in Paragraph 27 and avers that the May 22, 2020 letter is the best evidence of its contents.

28.   Volvo denies the allegations set forth in Paragraph 28 and avers that the May 22, 2020 letter is the best evidence of its contents.

29.   Volvo denies the allegations set forth in Paragraph 29.

30.   Volvo denies the allegations set forth in Paragraph 30.

31.   Volvo admits that it shared the photographs depicted in Paragraph 20 of the SAC to its Instagram story and its Pinterest page.  Volvo denies that such photographs were part of any advertising campaign.   Volvo denies that the photographs were chosen as the main header for Volvo's Pinterest page.  Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 31 and, on that basis, Volvo denies all such allegations.

32.   Volvo denies the allegations set forth in Paragraph 32.

33.   Volvo denies the allegations set forth in Paragraph 33.

34.   Volvo is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 34 and, on that basis, Volvo denies all such allegations.

35.   Volvo denies the allegations set forth in Paragraph 35.

36.   Volvo denies the allegations set forth in Paragraph 36.

1   37.   Volvo denies the allegations set forth in Paragraph 37.

2   38.   Volvo denies the allegations set forth in Paragraph 38.

3   39.   Volvo denies the allegations set forth in Paragraph 39.

4   40.   Volvo denies the allegations set forth in Paragraph 40.

5

6   **First Claim for Relief for Copyright Infringement**

7   **(By Schroeder against Volvo)**

8   41.   Volvo hereby incorporates its responses to paragraphs 1-40 in response to

9   Paragraph 41.

10   42.   Volvo admits that on or about May 25, 2020, the United States Copyright

11   Office issued a Certificate of Copyright Registration to Schroeder, bearing registration

12   number VA0002204816, corresponding to a group of eleven photographs titled

13   "Desert Shoot."   Volvo is without sufficient knowledge or information to form a

14   belief as to the truth or falsity of the remaining allegations set forth in Paragraph 43

15   and, on that basis, Volvo denies all such allegations.

16   43.   Volvo denies the allegations set forth in Paragraph 43.

17   44.   Volvo denies the allegations set forth in Paragraph 44.

18   45.   Volvo denies the allegations set forth in Paragraph 45.

19   46.   Volvo denies the allegations set forth in Paragraph 46.

20   47.   Volvo denies the allegations set forth in Paragraph 47.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

DEFENDANT VOLVO CAR USA LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Second Claim for Relief for Unfair Competition under section 43(a) of the Lanham Act (15. U.S.C. § 1125(1).**

**(By Sumida against Volvo)**

48.     Volvo hereby incorporates its responses to paragraphs 1-40 and 42-47 in response to Paragraph 48.

49.     Volvo is without sufficient knowledge or information to form a belief as to the truth of the allegations forth in Paragraph 49 of the SAC, including that "members of the public have come to recognize Sumida's likeness as belonging to her," and "Sumida is in the business of commercializing her identity and selling her images to reputable brands and companies for profit" and, on that basis, Volvo denies all such allegations.

50.     Volvo is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 and, on that basis, Volvo denies all such allegations.

51.     Volvo denies the allegations set forth in Paragraph 51.

52.     Volvo denies the allegations set forth in Paragraph 52.

53.     Volvo denies the allegations set forth in Paragraph 53.

54.     Volvo denies the allegations set forth in Paragraph 54.

55.     Volvo denies the allegations set forth in Paragraph 55.

56.     Volvo denies the allegations set forth in Paragraph 56.

57.     Volvo denies the allegations set forth in Paragraph 57.

58.     Volvo denies the allegations set forth in Paragraph 58.

/ / /

/ / /

/ / /

/ / /

/ / /

– 11 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Third Claim for Relief for Unfair Competition under California Business and Professions Code §§ 17200,** *et seq.*

**(By Sumida against Volvo)**

59.     Volvo hereby incorporates its responses to paragraphs 1-40, 42-47 and 49-58 in response to Paragraph 59.

60.     Volvo denies the allegations set forth in Paragraph 60.

61.     Volvo denies the allegations set forth in Paragraph 61.

62.     Volvo denies the allegations set forth in Paragraph 62.

63.     Volvo denies the allegations set forth in Paragraph 63.

64.     Volvo denies the allegations set forth in Paragraph 64.

65.     Volvo denies the allegations set forth in Paragraph 65.

66.     Volvo denies the allegations set forth in Paragraph 66.

**Fourth Claim for Relief for Unfair Competition under California Common Law.**

**(By Sumida against Volvo)**

67.     Volvo hereby incorporates its responses to paragraphs 1-40, 42-47, 49-58 and 60- 66 in response to Paragraph 67.

68.     Volvo denies the allegations set forth in Paragraph 68.

69.     Volvo denies the allegations set forth in Paragraph 69.

**Fifth Claim for Relief for Violation of California Civil Code § 3344.**

**(By Sumida against Volvo)**

70.     Volvo hereby incorporates its responses to paragraphs 1-40, 42-47, 49-58, 60-66 and 68-69 in response to Paragraph 70.

71.     Volvo admits that Paragraph 70 sets forth the provisions of California Civil Code § 3344(a).

72.     Volvo denies the allegations set forth in Paragraph 72.

– 12 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

73.     Volvo denies the allegations set forth in Paragraph 73.

74.     Volvo denies the allegations set forth in Paragraph 74.

75.     Volvo denies the allegations set forth in Paragraph 75.

76.     Volvo denies the allegations set forth in Paragraph 76.

**Sixth Claim for Relief for Misappropriation of Likeness under California Common Law.**

**(By Sumida against Volvo)**

77.     Volvo hereby incorporates its responses to paragraphs 1-40, 42-47, 49-58, 60-66, 68-69 and 71-76 in response to Paragraph 77.

78.     Volvo denies the allegations set forth in Paragraph 78.

79.     Volvo denies the allegations set forth in Paragraph 79.

80.     Volvo denies the allegations set forth in Paragraph 80.

**PRAYER**

Volvo denies the allegations and the relief set forth in Plaintiffs' Prayer, including as sought in paragraphs 1-10 of their Prayer, or otherwise.

**AFFIRMATIVE DEFENSES**

Volvo alleges the following as separate and affirmative defenses to the SAC. By virtue of having listed the following defenses, Volvo does not assume any legal or factual burden not otherwise assigned to it under the law.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.     The SAC, and each purported claim for relief pleaded therein, fails to state a claim upon which relief can be granted.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 13 –

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.    The SAC, and each purported claim for relief asserted therein, is barred in whole or in part by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.    The SAC, and each purported claim for relief asserted therein, is barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.    The SAC, and each purported claim for relief asserted therein, is barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (License/Authorization/Consent)

5.    Plaintiffs and each of them expressly and/or implicitly licensed, authorized, and/or gave their consent to third parties, including Volvo, to share and/or publish the photographs identified in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.    Plaintiffs and each of them have failed to take reasonable measures to mitigate the damages allegedly suffered by them, if any, as a consequence of the acts allegedly committed by Volvo and, therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been avoided by reasonable effort on the part of Plaintiffs to mitigate same.

## SEVENTH AFFIRMATIVE DEFENSE

### (Others Responsible)

7.    Plaintiffs' alleged injuries or damages, if any, were proximately caused

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 14 –

in whole or in part, by the acts, omissions, negligence, neglect, or other wrongful acts of parties, persons, entities, or corporations other than Volvo, and Plaintiffs' recovery against Volvo, if any, must be reduced or precluded entirely by such activities of such other parties, persons, entities, or corporations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset/Reduction)

8.    Any damages award is subject to offset and/or reduction for the amount that Plaintiffs owe Volvo based on Volvo's counterclaim.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

9.    Sumida's claims are barred in whole or in part because they are preempted by the Copyright Act.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

10.    The SAC, and each purported claim for relief asserted therein, is barred in whole or in part because Volvo's use of any photographs taken by Schroeder constitutes "fair use."

## RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Right to Amend)

11.    Volvo reserves the right to amend this answer and assert additional affirmative defenses based on facts obtained through investigation and/or discovery.

## COUNTERCLAIMS BY VOLVO CARS USA LLC

Pursuant to Rule 13 of the Federal Rule of Civil Procedure, Volvo Cars USA LLC ("Volvo") alleges its Counterclaims against Plaintiffs and Counter-Defendants Jack Schroeder ("Schroeder") and Britni Sumida ("Sumida") as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

**INTRODUCTION**

1.     Schroeder, a professional commercial automotive photographer, creates highly stylized images of sports cars and luxury automobiles for a living.  In April 2019, Schroeder teamed up with a company that produces automotive-industry advertisements (Porch House Pictures) and a professional model (Counter-Defendant Sumida) to create professional-quality still photographs and videos featuring Volvo's recently debuted, completely re-designed, third-generation 2019 S60 Sedan.

2.     Schroeder (with Sumida's permission or at her direction), captured these still images of Sumida and the Volvo S60, shared them on his social media pages, and tagged Sumida, Porch House, Volvo, and Volvo S60.  Schroeder and Sumida also authorized and/or directed Porch House to publicly publish still and video images of Sumida and the Volvo S60, tag them in the posts, and publicly represent (falsely) that such images were part of a social media advertising campaign for the Volvo S60 that they were engaged to create for Volvo Cars.

3.     Schroeder and Sumida were fully aware that Volvo had not commissioned or authorized them to create, publish or use images of its recently revamped vehicle in any such manner or for commercial purposes.  Schroeder and Sumida nevertheless seized the opportunity to take advantage of the excitement surrounding the arrival of the 2019 Volvo S60 and trade on Volvo's brand and goodwill for their own personal gain by publishing and directing Porch House to publish images of the vehicle in a manner that intentionally (and falsely) represented to the public and their prospective automotive-industry business partners that Volvo had hired them to create social media advertisements to coincide with the release of the 2019 S60 Sedan, all without regard for Volvo's rights or interests.

**JURISDICTION AND VENUE**

4.     This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Sections 1331 ("federal question

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 16 –

jurisdiction") and 1338(a)-(b) ("[P]atent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to trademarks.    This Court also has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) as this Counterclaim arises out of the same transaction or occurrence as the allegations in Plaintiffs' Second Amended Complaint.

5.    Defendants are subject to the personal jurisdiction of the Court because they are residents of California and because they have consented to the jurisdiction of this Court by filing their Second Amended Complaint.    Venue is appropriate because it is the venue chosen by Plaintiffs.

### THE PARTIES

6.    Volvo is a limited liability company organized under the laws of Delaware that is headquartered in Rockleigh, New Jersey.    Volvo manufactures, markets, and sells automobiles in the United States.

7.    Upon information and belief, Jack Schroeder is a professional photographer who specializes in automotive photography.    He is a citizen of California and a resident of Los Angeles County.

8.    Upon information and belief, Britni Sumida is a professional model who is a citizen of California and a resident of Los Angeles County.

### GENERAL ALLEGATIONS

**June 2018:  Volvo Announces its Third-Generation, Completely Redesigned 2019 S60 Luxury Sports Sedan Will be the First Volvo Built in its New U.S. Plant.**

9.    In May 2015, Volvo announced plans to build its first United States manufacturing plant in Ridgeville, South Carolina.    When the plant officially opened three years later in June 2018, Volvo chose the occasion to reveal images of its upcoming, third-generation 2019 S60 Sedan and announce that the completely

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

redesigned vehicle would be built entirely within its brand-new $1.1 billion, state of the art U.S. production facility.

**November 2018 - April 2019:  Volvo's All-New 2019 S60 Sedan Arrives at Dealerships and Receives Rave Reviews**

10.     The debut of the new S60 was eagerly anticipated in the marketplace due to the historical success of the S60 line and also because the 2019 S60 Sedan was the last model in Volvo's fleet to undergo a complete makeover.  Like its earlier updated cousins, Volvo stacked the new S60 with industry-leading safety features and sculpted it with younger, style-conscious consumers in mind.  As Car and Drive Magazine noted, "with each succeeding new model—the latest generation of the XC40, XC60, and XC90 SUVs and the S90 sedan and V90 wagon—Volvo has been pushing its image further away from stoic and safety conscious and closer to design forward.  In fact, the brand is already there, and the S60 puts an exclamation point on that effort."[1]

11.     Consumer Reports described the changes to 2019 Volvo S60 as follows:

Breaking from the styling constraints of other models in the Volvo showroom, the new S60 marks a bold departure from the outgoing 2018 sedan. Where the old model had simple surfaces, the new car has some welcome curve.

12.     The 2019 S60 quickly received rave reviews from leading automotive-industry publications.  For example:

a)     Car and Drive Magazine noted that "the S60's cabin looks a lot like that of every recent Volvo—which is to say, beautiful" and found that the Volvo S60 matched or beat the performance of Volvo's competitors- the Audi A4, the BMW 3-series, and the Mercedes-Benz C-class;

---

[1] *See* https://www.caranddriver.com/reviews/a26145842/2019-volvo-s60-t6-by-the-numbers/

– 18 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

b)    Automobile Magazine observed that "Volvo has been turning out some incredibly handsome vehicles of late, and one of the most classically attractive is the new-for-2019 S60 sedan" and concluded that "this is a machine that's beautifully executed and outfitted to support the vast majority of drivers in security and style;" and

c)    As MotorTrend Magazine exclaimed, "Volvo has been on a tear since it earned 2016 SUV of the Year honors with the XC90. By offering consistent avant-garde styling, safety, and value, everything it's sent since ends up in the finalist category. The 2019 Volvo S60 sedan and V60 wagon keep the ball rolling in an incredibly competitive segment."

13.    When the auto industry handed out its awards for 2019, the new S60 also received significant recognition. For example:

a)    The 2019 S60 was named a finalist for the 2019 North American Car of the Year Award;

b)    The 2019 S60 won the 2019 MotorWeek Drivers' Choice Award for Best Sport Sedan;

c)    The 2019 S60 was named a finalist for the 2019 World Car Awards; and

d)    The 2019 S60 was chosen as IntelliChoice's 2019 Best Overall Value of the Year.

14.    Not surprisingly, the newly launched 2019 Volvo S60 became one of Volvo's top-selling cars in the first quarter of 2019.

/ / /

/ / /

/ / /

– 19 –

**Early April 2019:  Schroeder Captures Stunning Images of Sumida with the New S60 Sedan Surrounded by Fields of California "Super-Bloom" Wildflowers**

15.  Upon information and belief, in or around early April 2019, Schroeder entered into a professional association, collaboration and joint venture with Porch House Pictures ("Porch House"), a Southern California-based video production company that, among other things, produces advertisements for high-end automobile brands, including Audi, Aston Marin, BMW, Jaguar, and Land Rover.

16.  As further alleged below, several months after their joint business venture, association and professional collaboration commenced, Porch House announced that Schroeder had become a "new member of the [Porch House] family" and stated that "[h]e specializes in automotive, and we're stoked to start releasing some of the projects we've been collaborating on.  Check back soon to see more from Jack in the near future."  Embracing the relationship, Schroeder referred to Porch House as his "business partner" in subsequent communications with Volvo.

17.  Upon information and belief, in early April 2019, Schroeder, Sumida, and a Porch House video crew transported a brand-new white 2019 Volvo S60 Sedan to a remote Southern California desert area in Anza Valley, California enveloped in "super-bloom" wild flowers.  There, without Volvo's knowledge or consent, Schroeder, Sumida, and the video crew spent the entire day capturing stunning video and still images of 2019 Volvo S60 (the "Super-Bloom Shoot").

18.  Upon information and belief, the Super-Bloom Shoot was created as part of the professional association, collaboration and joint business venture Schroeder had formed with Porch House.

19.  Upon information and belief, in all regards concerning or related to the Super-Bloom Shoot, including the use and publication of the images created therefrom, Sumida, Schroeder and Porch House were partners, joint venturers, or agents/employees of each other, and/or were acting in concert with each other.  Upon

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 20 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   information and belief, in doing the acts alleged herein below, Sumida, Schroeder and

2   Porch House were acting within the scope of such partnership, joint venture and/or

3   agency, and at all times relevant herein, Sumida, Schroeder and Porch House had

4   actual or ostensible authority to act on each other's behalf in engaging in the conduct

5   alleged below.

6       20.   Upon information and belief, Schroeder paid the production costs of the

7   Super-Bloom Shoot in whole or in part and captured still images of the Volvo S60;

8   Sumida furnished her modeling services; and Porch House provided the video

9   equipment, the production crew, the director, and the editing services.

10  **Mid-April 2019 – November 2019:  Schroeder and Sumida Trade On Volvo's**
11  **Brand and Goodwill and Falsely Represent that Volvo Engaged Them to Create**
    **a Social Media Advertising Campaign for the 2019 S60 Sedan**

12      21.   On or about April 16, 2019, Porch House published a video on

13  Vimeo.com, a public content platform similar to YouTube, entitled "Volvo Presents

14  Bloom - A Porch House Film," (the "Volvo – Bloom Video").  The Volvo – Bloom

15  Video which, upon information and belief, is comprised entirely of images from the

16  Super-Bloom Shoot, prominently depicts Sumida posing with the white 2019 Volvo

17  S60.  At its conclusion, the Volvo –  Bloom Video displays a full-frame shot of

18  Volvo's internationally famous, trademark-protected circular logo:

19
20
21                                  
22
23
24

25  In addition, the Volvo – Bloom Video posted publicly on Vimeo includes "#Volvo

26  S60" and "#Britni Sumida" among its "hashtags."  Upon information and belief,

27  Schroeder and Sumida approved the images depicted in and the title of the Volvo –

28

Bloom Video.  Upon information and belief, and the Volvo – Bloom Video was published on Vimeo.com with the knowledge, consent and/or authorization of Schroeder and Sumida, and/or at their direction.

22.    On or about April 22, 2019, Schroeder posted photos from the Super-Bloom Shoot to a Behance.net gallery that he created which included several picture in which Sumida posed with the Volvo S60 Sedan, and in which Volvo's trademarked logo was prominently featured.  Schroeder tagged Porch House, Volvo, and Volvo S60 in the gallery, and thus anybody searching for these terms on Behance would discover Schroeder's gallery.

23.    The next day, on or about April 23, 2019, the Volvo – Bloom Video was posted on a Porch House-related public Instagram account.  Upon information and belief, the Volvo – Bloom Video was posted on this public Instagram account with the knowledge, consent and authorization of Schroeder and Sumida, and/or at their direction.  Both Schroeder and Sumida were tagged in the post, along with the hashtag "# Volvo S60."  By so tagging Schroeder, Sumida and Volvo S60 in the post, Schroeder and Sumida not only were notified of the post; Schroeder and Sumida also were aware that the Volvo – Bloom Video Instagram post falsely represented to members of the public—including Volvo's actual and prospective customer base, Volvo's competitors and others in the automotive industry—that Volvo had authorized, created, approved, sponsored, endorsed, and/or was the source or origin of, the Volvo – Bloom Video, and/or that Volvo had engaged Schroeder and Sumida professionally to create a social campaign to introduce its new 2019 S60 Sedan to Volvo's current and prospective customers.  Upon information and belief, neither Schroeder nor Sumida ever objected to the foregoing Instagram post.  To the contrary, upon information and belief, both Schroeder and Sumida "liked" the post, thus signaling to members of the public and their prospective business relations in the automotive industry, albeit falsely, that they had been hired by Volvo to create a social

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   campaign for the new 2019 S60 Sedan. Upon information and belief, Schroeder and
2   Sumida acted in this manner for their own personal gain to capitalize on the attention
3   and publicity surrounding Volvo's introduction of its redesigned 2019 S60 Sedan.

4        24.    On or about April 23, 2019, in addition to posting the Volvo – Bloom
5   Video on Instagram as alleged in the preceding paragraph, four still images from the
6   Super-Bloom Shoot were also posted on this same Porch House-related public
7   Instagram account. One such still image is a close-up of Sumida in the driver's seat of
8   the 2019 S60 Sedan. Another such still image depicts Sumida leaning against the
9   2019 S60 Sedan, with her right hand positioned just above the prominently displayed
10  famous circular Volvo logo. The text adjacent to each such image reads as follows:

> Here is 'Bloom'. We recently spent the day with
> @jackschroedercreative & @britni_nicolee and the new
> #Volvo S60. Swipe to see some of Jack's stills.

14  Upon information and belief, each such still image was photographed by Schroeder
15  during the Super-Bloom Shoot, Schroeder is the "author" of each such image, and
16  Schroeder is the copyright owner of each such image. Upon information and belief,
17  each of the foregoing still images was posted on this public Instagram account with
18  the knowledge, consent and/or authorization of Schroeder and Sumida, and/or at their
19  direction. Upon information and belief, neither Schroeder nor Sumida ever objected
20  to the foregoing Instagram posts. To the contrary both Schroeder and Sumida "liked"
21  these posts, thus signaling to members of the public and their prospective business
22  relations in the automotive industry, albeit falsely, that they had been hired by Volvo
23  to create a social campaign for the new 2019 S60 Sedan. Upon information and
24  belief, Schroeder and Sumida acted in this manner for their own personal gain to
25  capitalize on the attention and publicity surrounding Volvo's introduction of its
26  redesigned 2019 S60 Sedan.

27       25.    On or about July 8, 2019, Porch House publicly posted on Instagram the
28

– 23 –

DEFENDANT VOLVO CAR USA LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND
COUNTERCLAIM

photograph from the Super-Bloom Shoot with Sumida leaning against the 2019 S60 Sedan, with her right hand positioned just above the prominently displayed famous circular Volvo logo.  The text adjacent to that image read as follows:

> Introducing a new member of the PH family, @jackschroedercreative. Hailing from Indiana he's a rad photographer who's traveled all around to capture insane imagery for a wide variety of clients. He specializes in automotive, and we're stoked to start releasing some of the projects we've been collaborating on. Check back soon to see more from Jack in the near future.
>
> #PorchHouse #JackSchroeder #Creative #Bts #Production #photography #best"

The foregoing Instagram post also tagged "Volvocars," "JackSchroederCreative," and "Britni_Nicolee."  Upon information and belief, "Britni_Nicolee" is Sumida's Instagram handle.  Upon information and belief, the foregoing still image was posted on this public Instagram account with the knowledge, consent and/or authorization of Schroeder and Sumida, and/or at their direction.  Upon information and belief, neither Schroeder nor Sumida ever objected to the foregoing Instagram post.  Upon information and belief, both Schroeder and Sumida intended for this post to signal to members of the public and their prospective business relations in the automotive industry, albeit falsely, that they had been hired by Volvo to create a social campaign for the new 2019 S60 Sedan.  Upon information and belief, Schroeder and Sumida acted in this manner for their own personal gain to capitalize on the attention and publicity surrounding Volvo's introduction of its redesigned 2019 S60 Sedan.

26.  On July 16, 2019, Porch House created a public Behance.net Gallery entitled "Volvo – Bloom" ("Behance Gallery").  The Behance Gallery displayed the Volvo – Bloom Video and several still photographs from the Super Bloom Shoot of Sumida posing with the Volvo S60 and.  Upon information and belief, the Behance

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 24 –

Gallery was posted with the knowledge, consent and/or authorization of Schroeder and Sumida.  The first such photo displayed in the Behance Gallery which, upon information and belief, was captured by Schroeder, falsely represents to the public that Volvo is the source and/or origin of the Volvo – Bloom Video and/or engaged Schroeder and Sumida to advertise the Volvo S60, as follows:



27.    The false impression conveyed in the image above (*i.e.*, that Volvo is the source and/or origin of the Volvo – Bloom Video and/or engaged Schroeder and Sumida to advertise the Volvo S60) is amplified in the description that appears directly beneath it, as follows:

> **'Bloom' is an integrated production** from Porch House **in collaboration with photographer Jack Schroeder**.  We took full advantage of the beautiful super-bloom and took the new S60 out for it's [sic] debut.
>
> Enjoy this short film and photo set **with model Britni Sumida for Volvo Cars™.**
> -Porch House[2]

---

[2] Emphasis added.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

28.     Even more egregiously, the Behance Gallery falsely represented that Volvo sponsored, endorsed and/or was the source or origin of the images depicted therein, and that the images Schroeder took of Sumida were being used commercially by Volvo to advertise its redesigned 2019 S60 Sedan in two respects.  First, the Behance Gallery stated:

> **This is a social campaign for Volvo Cars**.   We took to California's 'Super-Bloom' to experience it for ourselves…

Second, the Behance Gallery displayed the following "credits":

> *Photographer: Jack Schroeder*
> *Production: Porch House*
> *…*
> *Model: Britni Sumida*
> *Car: 2019 Volvo S60*
> *Client: Volvo*[3]

Upon information and belief, neither Schroeder nor Sumida ever objected to the foregoing images or representations in the Behance Gallery.  To the contrary, upon information and belief, both Schroeder and Sumida approved of and/or caused these images to be published to signal to members of the public and their prospective business relations in the automotive industry, albeit falsely, that they had been hired by Volvo to create a social campaign for the new 2019 S60 Sedan.  Upon information and belief, Schroeder and Sumida acted in this manner for their own personal gain to capitalize on the attention and publicity surrounding Volvo's introduction of its redesigned 2019 S60 Sedan.

29.     On or about November 12, 2019, Schroeder created a new Behance gallery which, upon information and belief, featured images from the Super-Bloom Shoot of Sumida posing with the Volvo S60 Sedan.  Schroeder tagged Volvo, and Volvo S60 in the gallery and, thus, anybody searching for these terms on Behance

---

[3] Emphasis added.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  would discover Schroeder's gallery.  Upon information and belief, this gallery was
2  posted with the knowledge, consent and/or authorization of Sumida and/or at her
3  direction.

4         30.     Upon information and belief, on or about November 19, 2019, Schroeder
5  posted 11 photographs from the Super-Bloom Shoot on his public Instagram page and
6  tagged Volvo in the post.  That same day, Volvo re-shared these photographs on its
7  Instagram Story and credited Schroeder as being the photographer.  Upon information
8  and belief, Schroeder saw Volvo's story, "liked" it, and sent a direct message to Volvo
9  which said "Love it."

10        31.     Upon information and belief, at some point after November 19, 2019,
11  Schroeder deleted all posts and photographs related to the Super-Bloom Shoot from
12  his public Instagram account, including without limitation the 11 photographs
13  identified in paragraph 30, above.

14

15                        **FIRST COUNTER-CLAIM**

16     **(Direct Trademark Infringement against Schroeder and Sumida)**

17        32.     Volvo hereby incorporates the allegations in paragraphs 1-31, above, as if
18  fully set forth herein.

19        33.     As alleged above, the Super-Bloom Shoot still and video images
20  identified above in paragraphs 21-30 depicting (a) Sumida with the 2019 S60 Sedan,
21  and (b) Volvo's registered trademarks and logos (collectively, including the related
22  descriptions, representations, statements and "credits" posted therewith, the
23  "Infringing Posts") were published on public Vimeo, Behance and Instagram either (i)
24  by Schroeder (in all such cases with Sumida's consent and/or approval) or (ii) by
25  Porch House as directed by Schroeder and/or Sumida and/or with their consent and/or
26  approval.

27        34.     The Infringing Posts included, and prominently displayed and featured,

28

– 27 –

Volvo's name, Volvo's distinct, trademark-protected logo, and a motor vehicle that bears unique design features immediately identifiable with Volvo's brand and line of automotive products. As alleged above, because the Infringing Posts tagged Volvo, Schroeder and Sumida, anyone searching for Volvo, Schroeder and/or Sumida would be able to find these photographs and videos.

35. These unauthorized commercial uses of the Volvo name, trademarks and 2019 S60 Sedan reflected in the Infringing Posts constitute misrepresentations as to source, origin, endorsement and sponsorship of the Volvo – Bloom Video and the Super Bloom Shoot photographs. The Infringing Posts also misrepresented to consumers and the automotive industry that Volvo had engaged Schroeder and/or Sumida to conduct the Super-Bloom Shoot and had authorized Schroeder and/or Sumida to commercially exploit the images therefrom as part of a social media advertising campaign for the 2019 Volvo S60 Sedan. The foregoing constitutes trademark infringement in violation of Sections 32(1)(1) and 43(a)(1)(A) of the Lanham Act. *See* 15 U.S.C §§ 1114(1), 1125(a)(1).

36. The foregoing misrepresentations were willful and wanton. As alleged herein above, Schroeder and Sumida were aware that Volvo did not, create, produce, finance, authorize or in any other way participate in the making of the Volvo – Bloom Video or the Super Bloom Shoot. Upon information and belief, Schroeder and Sumida made the foregoing willful misrepresentations because they were aware that the debut of the 2019 Volvo S60 had generated and would continue to generate significant publicity and believed they could further their respective careers and attract the attention of other automobile brands by creating the impression that Volvo had hired them to develop a social media advertising campaign to coincide with the arrival of Volvo's latest redesigned vehicle.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**SECOND COUNTER-CLAIM**

**(Contributory Trademark Infringement against Schroeder and Sumida)**

37.     Volvo hereby incorporates the allegations in paragraphs 1-31 and 33-36 as if fully set forth herein.

38.     As alleged herein above, the Infringing Posts were published on public Vimeo, Behance and Instagram either by Schroeder (in all such cases with Sumida's consent and/or approval) or by Porch House as directed by Schroeder and/or Sumida and/or with their consent and/or approval.

39.     The Infringing Posts included, and prominently displayed and featured, Volvo's name, and Volvo's distinct, trademark-protected logo, and a motor vehicle that bears unique design features immediately identifiable with Volvo's brand and line of automotive products.  As alleged above, because the Infringing Posts tagged Volvo, Schroeder and Sumida, anyone searching for Volvo, Schroeder and/or Sumida would be able to find these photographs and videos.

40.     These unauthorized commercial uses of the Volvo name, trademarks and 2019 S60 Sedan reflected in the Infringing Posts constitute misrepresentations as to source, origin, endorsement and sponsorship of the Volvo – Bloom Video and the Super Bloom Shoot photographs.   The Infringing Posts also misrepresented to consumers and the automotive industry that Volvo had engaged Schroeder and/or Sumida to conduct the Super-Bloom Shoot and had authorized Schroeder and/or Sumida to commercially exploit the images therefrom as part of a social media advertising campaign for the 2019 Volvo S60 Sedan.   The foregoing constitutes trademark infringement in violation of Sections 32(1)(1) and 43(a)(1)(A) of the Lanham Act. *See* 15 U.S.C §§ 1114(1), 1125(a)(1).

41.     Schroeder is jointly and severally liable for such acts of infringement because he either intentionally induced Porch House to make these posts, or he

– 29 –

continued to allow Porch House to publish and use the Volvo – Bloom Video and the photographs from the Super Bloom Shoot, despite the fact that he knew that such publications falsely represented to Volvo's current and prospective customers, Volvo's competitors and others in the automotive industry that Volvo was source or origin and/or endorsed or sponsored the Volvo – Bloom Video and the Super Bloom Shoot photographs.

42.    Sumida is jointly and severally liable for such acts of infringement because she either intentionally induced Schroeder and/or Porch House to make these posts, or she continued to allow Schroeder and/or Porch House to publish and use the Volvo – Bloom Video and the photographs from the Super Bloom Shoot, despite the fact that she knew that such publications falsely represented to Volvo's current and prospective customers, Volvo's competitors and others in the automotive industry that Volvo was source or origin and/or endorsed or sponsored the Volvo – Bloom Video and the Super Bloom Shoot photographs.

43.    Upon information and belief, both Schroeder and Sumida could have prevented but chose not to prevent the foregoing acts of infringement and misrepresentations.

44.    The foregoing misrepresentations were willful and wanton.  As alleged herein above, Schroeder and Sumida were aware that Volvo did not, create, produce, finance, authorize or in any other way participate in the making of the Volvo – Bloom Video or the Super Bloom Shoot.  Upon information and belief, the foregoing misrepresentations were willful because Schroeder and Sumida were aware that the debut of the 2019 Volvo S60 had generated and would continue to generate significant publicity and believed they could further their respective careers and attract the attention of other automobile brands by creating the impression that Volvo had hired them to develop a social media advertising campaign to coincide with the arrival of Volvo's latest redesigned vehicle.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 30 –

1

2
## THIRD COUNTER-CLAIM

3
**(Vicarious Trademark Infringement against Schroeder and Sumida)**

4
45.    Volvo hereby incorporates the allegations in paragraphs 1-31, 32-36 and

5
38-44 as if fully set forth herein.

6
46.    Upon information and belief, Sumida, Schroeder, and Porch House, were

7
partners, joint venturers, or agents/employees of each other, and/or were acting in

8
concert with each other with respect to the Super Bloom Shoot.  Upon information

9
and belief, in doing the acts alleged above, Sumida, Schroeder, and Porch House were

10
acting within the scope of such partnership, joint venture, or agency.  At all relevant

11
times herein, Sumida, Schroeder, and Porch House had actual or ostensible authority

12
to act on each other's behalf in engaging in the conduct alleged above.

13
47.    Because Schroeder, Sumida, and Porch House were partners and/or joint

14
venturers, they are vicariously liable for each others' willful and wanton violations of

15
Sections 32(1) and 43(a)(1)(A) of the Lanham Act.

16

17
## FOURTH COUNTER-CLAIM

18
**(Direct Trademark Dilution against Schroeder and Sumida)**

19
48.    Volvo incorporates by reference paragraphs 1-47 of its Counterclaim as if

20
set forth in full in this Counter-Claim for Relief.

21
49.    Volvo works closely with a carefully selected group of advertising

22
agencies and other professionals in the United States to develop marketing campaigns

23
and messaging that accentuate and promote the safety, styling, performance, and

24
lifestyle features of Volvo's automobiles.  Over the course of the past several years,

25
Volvo has increasingly used social media strategically to build brand awareness,

26
launch sales events and introduce new designs in a manner consistent with Volvo's

27
traditions and values.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 31 –

50.     The Vimeo, Instagram and Behance posts described above diluted Volvo's famous, distinctive marks in violation of 15 U.S.C. 1125(c) by appropriating the substantial investment Volvo made in its marks.

## FIFTH COUNTER-CLAIM

### (Contributory Trademark Dilution against Schroeder and Sumida)

51.     Volvo hereby incorporates the allegations in paragraphs 1-31, 32-36, 38-44, 46-47 and 49- 50 as if fully set forth herein.

52.     Volvo works closely with a carefully selected group of advertising agencies and other professionals in the United States to develop marketing campaigns and messaging that accentuate and promote the safety, styling, performance and lifestyle features of Volvo's automobiles.  Over the course of the past several years, Volvo has increasingly used social media strategically to build brand awareness, launch sales events and introduce new designs in a manner consistent with Volvo's traditions and values.

53.     The Vimeo, Instagram, and Behance posts described above diluted Volvo's famous, distinctive marks in violation of 15 U.S.C. 1125(c) by appropriating the substantial investment Volvo made in its marks.

54.     Schroeder is jointly and severally liable for this trademark dilution because he either intentionally induced Porch House to make these posts, or he continued to allow Porch House to publish and use the Volvo – Bloom Video and the photographs from the Super Bloom Shoot, despite the fact that he knew that Porch House was making these misrepresentations as to source, origin, endorsement and sponsorship of the Volvo – Bloom Video and the Super Bloom Shoot photographs.

55.     Sumida is jointly and severally liable for this trademark dilution because she either intentionally induced Porch House and/or Schroeder to make these posts, or she continued to allow Porch House and/or Schroeder to publish and use the Volvo –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 32 –

Bloom Video and the photographs from the Super Bloom Shoot, despite the fact that she knew that Porch House and/or Schroeder was making these misrepresentations as to source, origin, endorsement and sponsorship of the Volvo – Bloom Video and the Super Bloom Shoot photographs.

56.   Upon information and belief, both Schroeder and Sumida could have prevented but chose not to prevent the foregoing acts of infringement and misrepresentations.

## SIXTH COUNTER-CLAIM

### (Vicarious Trademark Dilution against Schroeder and Sumida)

57.   Volvo hereby incorporates the allegations in paragraphs 1-31, 32-36, 38-44, 46-47, 49- 50 and 52-56 as if fully set forth herein.

58.   Upon information and belief, Sumida, Schroeder, and Porch House were partners, joint venturers, or agents/employees of each other, and/or were acting in concert with each other with respect to the Super Bloom Shoot.  Upon information and belief, in doing the acts alleged above, Sumida, Schroeder and Porch House were acting within the scope of such partnership, joint venture, or agency.  At all relevant times herein, Sumida, Schroeder, and Porch House had actual or ostensible authority to act on each other's behalf in engaging in the conduct alleged above.

59.   Because Schroeder, Sumida, and Porch House were partners and/or joint venturers, they are vicariously liable for each other's willful and wanton violations of 15 U.S.C. 1125(c).

## PRAYER

WHEREFORE, Volvo prays for judgement against Sumida and Schroeder as follows:

1.   That Volvo is awarded either statutory damages or its actual damages,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 33 –

1   including future damages, that Volvo has sustained, or will sustain, due to Sumida and

2   Schroeder's wrongful conduct;

3        2.      That Volvo is awarded its costs and expenses in this Counterclaim;

4        3.      That Volvo is awarded its attorneys' fees;

5        4.      For an injunction prohibiting Defendants from falsely representing to the

6   public that they were hired to create advertisements for Volvo;

7        5.      For disgorgement of all proceeds, and moneys wrongfully received by

8   Sumida and Schroeder as a result of their wrongful conduct; and

9        6.      For further relief as the Court may deem appropriate.

10

11   DATED:  September 30, 2020              REED SMITH LLP

12

13                                         By:   */s/ Harrison J. Dossick*_____

14                                              Harrison J. Dossick
                                                Jonathan D. Gershon
15                                              Attorneys for Defendant
                                                Volvo Car USA LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 34 –

1

## DEMAND FOR JURY TRIAL

2    Counter-Claimant Volvo Cars USA, LLC hereby demands a jury trial on all

3 counter-claims and issues triable by a jury.

4

5 DATED: September 30, 2020   REED SMITH LLP

6

7           By: * /s/ Harrison J. Dossick*

8             Harrison J. Dossick
             Jonathan D. Gershon

9             Attorneys for Defendant
             Volvo Car USA LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 35 –